# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
05/06/2022
CT Log Number 541529892

## Service of Process Transmittal Summary

**TO:**    Alana Kirby
Love's Travel Stops and Country Stores, Inc.
10601 N PENNSYLVANIA AVE
OKLAHOMA CITY, OK 73120-4108

**RE:**    **Process Served in Georgia**

**FOR:**    Love's Travel Stops  (Assumed Name)  (Domestic State: OK)
Love's Travel Stops & Country Stores, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WADONNA COOPER, // To: Love's Travel Stops & Country Stores, Inc. |
| **CASE #:** | CV20220096 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/06/2022 at 13:00 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sarah Glick  sarah.glick@loves.com |
| | Email Notification,  Coree Stevenson  coree.stevenson@loves.com |
| | Email Notification,  Karolina Roberts  karolina.roberts@loves.com |
| | Email Notification,  Alana Kirby  alana.kirby@loves.com |
| | Email Notification,  Tricia Langley  tricia.langley@loves.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Print Form

ENTRY OF SERVICE

Civil Action No. CV20220096

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 4/20/2022

Georgia, Glynn _____ COUNTY

Attorney's Address

Kendall B. Shortway

777 Gloucester Street, Suite 400

Brunswick, Georgia 31520

Wadonna Cooper
Plaintiff

VS.

Name and Address of Party to Served

Love's Travel Stops

C/O CT Corporation System

289 S Culver St, Lawrenceville, GA 30046

Love's Travel Stops

Defendant

Garnishee

## ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.
☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *Love's Travel Stops, Country Stores* a corporation
☒ by leaving a copy of the within action and summons with _____ *Jane Richardson, t.A*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _____ May _____, 20 _____

DEPUTY

CLERK'S COPY

## IN THE STATE COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CV20220096

Cooper, Wadonna

**PLAINTIFF**

Vs.

Love's Travel Stops

**DEFENDANT**

\* \* \* \* \* \* \* \* \*

**CIVIL ACTION CASE # _____**

### SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

Love's Travel Stops

**Defendant's Address**

C/O CT Corporation System 289 S Culver St, Lawrenceville, GA, 30046-4805

**You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff or Plaintiff's attorney whose name and address is:**

Kendall Shortway

777 Gloucester Street #400

Brunswick, GA 31520

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _21_ day of April_____, 20 22 .

XX
20th

**Brenda Boone-Cove, Clerk**
**Glynn County State Court**

/s/ Dossianna Carlyle

By: _____

**Deputy Court Clerk, State Court**

E-FILED IN OFFICE - DC
CLERK OF STATE COURT
GLYNN COUNTY GEORGIA
**CV20220096**
4/20/2022 10:50 AM

*Brenda Bease-Core*
CLERK OF STATE COURT

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WADONNA COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | CV20220096 |
| | ) | |
| v. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| LOVE'S TRAVEL STOPS, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff WADONNA COOPER, and states her Complaint for Damages against Defendant LOVE'S TRAVEL STOPS, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff WADONNA COOPER is a citizen and resident of the State of Georgia.

2.

The incident that is the subject of this cause of action occurred inside of Defendant's store, located at 2766 US-17 S, Brunswick, Glynn County, Georgia 31523 (hereinafter "the Premises").

3.

Defendant LOVE'S TRAVEL STOPS, (hereinafter "Defendant") is a foreign corporation authorized to do business in the State of Georgia, with its principal office located in Oklahoma City, Oklahoma and is subject to the jurisdiction of this Court. Defendant maintains offices and transacts business in Glynn County, Georgia, the county in which this cause of action originated. Venue as to this Defendant is proper in Glynn County, Georgia pursuant to O.C.G.A. § 14-2-510 as the tortious conduct alleged herein occurred in Glynn County, Georgia. Defendant may be

served by issuing Summons and a second original of this Complaint to its registered agent for service, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046.

4.

Venue in the present case is proper in Glynn County, Georgia.

## FACTUAL ALLEGATIONS

5.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 4 above as if they were restated verbatim.

6.

At all times material hereto, Defendant owned and/or operated the Premises and as such possessed said property with the intent to occupy and control it and held it open to the public for business purposes.

7.

On October 17, 2021, Defendant was in legal possession of the Premises.

8.

On or about October 17, 2021, Defendant was operating a retail store at the aforementioned location.

9.

On or about October 17, 2021, Plaintiff entered the Premises for the purpose of shopping therein.

10.

On or about October 17, 2021, upon entering the Premises for the purpose of shopping therein, Plaintiff assumed the legal status of an invitee as the term is defined and codified under

Georgia Law.

## **COUNT I**

### *Negligence of Defendant*

11.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

12.

On or about October 17, 2021, Plaintiff was an invitee at the Premises.

13.

On that same date, as Plaintiff was shopping in the store, she slipped and fell on an unknown substance in the coffee area.

14.

As a result of the aforementioned incident, Plaintiff fell into the counter and suffered serious injuries and damages, including but not limited to, broken bones.

15.

At all times relevant hereto, Defendant owned and/or operated the Premises and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

16.

At all times relevant hereto, Defendant, by and through its employees and/or agents, had actual and/or constructive knowledge of the slippery substance on the floor.

17.

At all times relevant hereto, Plaintiff had no knowledge of the location of the hand truck and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

18.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

19.

At all times relevant hereto, Defendant breached its duty of reasonable care in one or more of the following manners:

a)    Defendant failed to inspect the subject area for dangerous conditions;

b)    Defendant failed to warn patrons of a dangerous condition they knew or should have known existed in the subject area; and

c)    Defendant failed to rectify the dangerous condition in the subject area when they knew or should have known said conditions existed.

20.

As a result of the foregoing, Defendant breached its legal duty to Plaintiff, in violation of O.C.G.A § 51-3-1.

21.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendant, Plaintiff fell into the coffee counter and suffered personal injuries. Plaintiff has suffered past medical expenses in addition to future medical expenses and past, present, and future physical pain and suffering.

22.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

1.  That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

2.  That service be had upon Defendant as provided by law;

3.  That the Court award and enter a judgment in favor of Plaintiff and against Defendant for compensatory damages in an amount to be proven at trial;

4.  That Plaintiff have a trial by a jury as to all issues; and

5.  That Plaintiff have such other and further relief as the Court may deem just and proper.

This 21st day of April, 2022.

/s/ *Kendall B. Shortway*
Kendall B. Shortway
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester St Suite 400
Brunswick, GA 31520
T:  (912) 443-1000
F:  (912) 443-1178
kshortway@forthepeople.com

E-FILED IN OFFICE - DC
CLERK OF STATE COURT
GLYNN COUNTY GEORGIA
**CV20220096**
**4/20/2022 10:50 AM**

*Brenda Bcare-Cone*
CLERK OF STATE COURT

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

WADONNA COOPER,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   CIVIL ACTION NO.: CV20220096
                                   )   _____
LOVE'S TRAVEL STOPS,               )
                                   )   **DEMAND FOR JURY TRIAL**
    Defendant.                     )

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### LOVE'S TRAVEL STOPS

COMES NOW, Plaintiff WADONNA COOPER (hereinafter "Plaintiff"), and serves upon Defendant LOVE'S TRAVEL STOPS (hereinafter "Defendant") Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to Love's Travel Stops the Defendant to whom these Interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

    (a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

    (b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such

"person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)  When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)  When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## **INTERROGATORIES**

1.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Production of Documents.

2.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct Defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

3.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any

policy or policies of liability insurance, including umbrella coverage, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

4.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after her fall at your Premises on October 17, 2021.

5.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

6.

Please identify any surveillance videos, CCTV footage, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

7.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's Premises.

8.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

9.

Identify each person employed by Defendant who was working at the Love's Travel Stop, located at 2766 US-17 S, Brunswick, Glynn County, Georgia 31523 (hereinafter "the Premises") on the date of the incident described in the Complaint.

10.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

11.

Please identify each individual who was responsible for the maintenance and/or inspections of the floors on October 17, 2021 at the Premises. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them at the time of Plaintiff's fall.

12.

State each and every fact upon which you rely for each affirmative defense in your

Answer to Plaintiff's Complaint.

13.

Identify any and all persons known to Defendant who have fallen at the Premises at any time from January 1, 2017 to the present day.

14.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)     The cause of the fall;

(b)     Whether any incident report was prepared;

(c)     The information contained in such incident report;

(d)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said fall.

15.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspection of the floors at the Premises since October 17, 2021.

16.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and servants?   If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to

the injuries complained of in this case;

(c)     Each and every fact and reason upon which you base your contentions; and

(d)     Each and every person who has any knowledge or information concerning each such fact.

17.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject Premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint.  If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)      Identify any documents relating to such condition and/or corrective action.

18.

Please identify any inherent aspect of the subject Premises where Plaintiff fell, which you believe posed a risk of physical injury to persons.  As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

19.

Please identify any and all other similar incidents or allegations for which any person has complained (either by letter, email, or verbally) of a fall due hand trucks left out on the floor involving Defendant and/or its agents, occurring from January 1, 2017 through the present day.

20.

Please  identify any and all other similar incidents or allegations for which you have prepared an incident report concerning any person who has complained of a fall due to hand trucks on the floor involving Defendant and/or its agents, occurring from January 1, 2017 through the present day.

21.

Please identify any and all other similar incidents or allegations for which any person has filed an insurance claim against Defendant and related to falls at the Premises, occurring from January 1, 2017 through the present day.

22.

Please identify any and all other similar incidents or allegations for which a patron or employee has filed a lawsuit against Defendant related to falls at the Premises, from January 1, 2017 through the present day.

23.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

24.

Identify all instructions and documents created by you since October 17, 2021, concerning maintenance and/or inspections of the floors at the Premises.

25.

Identify any and all safety manuals and written procedures effective after October 17, 2021, concerning maintenance and/or inspection of the floors at the Premises.

26.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

These Interrogatories are served upon you together with Plaintiff's Complaint.

This 21st day of April, 2022.

/s/ Kendall B. Shortway
Kendall B. Shortway
Georgia Bar No. 312819
Attorney for Plaintiff

**MORGAN & MORGAN**
777 Gloucester St Suite 400
Brunswick, GA 31520
T:  (912) 443-1000
F:  (912) 443-1178
kshortway@forthepeople.com

E-FILED IN OFFICE - DC
CLERK OF STATE COURT
GLYNN COUNTY GEORGIA
**CV20220096**
**4/20/2022 10:50 AM**

*Brenda Bece-Case*
CLERK OF STATE COURT

## IN THE STATE COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| WADONNA COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | CV20220096 |
| | ) | |
| v. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| LOVE'S TRAVEL STOPS, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LOVE'S TRAVEL STOPS

COMES NOW, Plaintiff WADONNA COOPER (hereinafter "Plaintiff"), and hereby requests that Defendant LOVE'S TRAVEL STOPS(hereinafter "Defendant") produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof to Plaintiff's attorney of record, Kendall B. Shortway, at the Law Firm of Morgan & Morgan, P.A., 777 Gloucester St Suite 400 Brunswick, GA 31520, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this Request for Production, Plaintiff asks that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status. As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in your Answer to Plaintiff's Complaint.

2.

Any and all surveillance videos, CCTV footage, photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management at Love's) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

6.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

7.

Each and every document relating to any facts or information about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 5 of Plaintiff's First Interrogatories propounded to you.

9.

All statements previously made by Plaintiff concerning the subject matter of this action.

10.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective</u> October 17, 2021.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedures for inspection of the coffee/beverage area in any and all stores.

12.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective October 17, 2021, for Love's, including, but not limited to, any references to procedures for maintenance and/or inspection of the floors.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after October 17, 2021 for Love's, including, but not limited to, any references to procedures for maintenance and/or inspection of the floors.

14.

A blank copy of the incident report used by Defendant for documenting and reporting Plaintiff's fall at the subject Premises on October 17, 2021.

15.

A fully legible copy of the incident report completed by you regarding Plaintiff's fall at the subject Premises on October 17, 2021.

16.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to properly inspect the floors at the subject Premises from January 1,

2017 through the present day.

17.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the procedure for the proper placement of signs for hazardous conditions at the subject Premises prior to Plaintiff's fall on October 17, 2021.

18.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject premises on October 17, 2021.

19.

A copy of all performance reviews and employee records of any and all employees that were working on the date of the incident in suit.

20.

Any documents responsive to your answers to Plaintiff's First Interrogatories.

This Request for Production of Documents is served upon you together with Plaintiff's Complaint.

This 21st day of April, 2022.

/s/ Kendall B. Shortway
Kendall B. Shortway
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester St Suite 400
Brunswick, GA 31520
T: (912) 443-1000
F: (912) 443-1178
kshortway@forthepeople.com